**Michael Vergamini, OSB #045208**
399 East 10th Ave., Suite 109
Eugene, OR 97401
Telephone (541) 302-1800
Fax (541) 302-1801
info@vergaminilaw.com

    Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SELINA DEAL<br><br>    Plaintiff,<br><br>v.<br><br>ASHLEY DASCH, in her individual capacity; JOHN/JOHN/JANE DOE 1, supervisor, in her individual capacity and as an official of the state of Oregon, FARIBORZ PAKSERESHT, Director of the Oregon Department of Human Services in his official capacity.<br><br>    Defendants. | U.S. District Court Case No.<br><br>**COMPLAINT**<br><br>(42 U.S.C. § 1983: 14th Amendment Interference with Familial Association, 14th Amendment violation of Procedural Due Process)<br><br>*Jury Trial Requested* |

## JURISDICTIONAL ALLEGATIONS

1.    This claim arises under 42 U.S.C. § 1983, and the Fourteenth Amendment of the United States Constitution. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1988, 28 U.S.C. § 2201. Venue is proper in this District under 28 U.S.C. § 1391(b), on the grounds that some or all of the conduct at issue took place in, and some/all of the Defendants reside in, the District of Oregon.

2.    Costs and attorney fees may be awarded pursuant to the Civil Rights Act as amended, 42 U.S.C. § 1988.

## ALLEGATIONS OF STATUS

3. At all relevant times herein, Plaintiff Selena Deal is a citizen of the United States residing in the City of Eugene located in Lane County, Oregon. At all material times herein Plaintiff Deal is the custodial parent of the minor child G.W.

4. At all relevant times herein Defendant State of Oregon is charged with and responsible for appointing, promoting and supervising, through the Oregon Department of Human Services, the employees of the Children's Services Division of the Department of Human Services and its personnel. At all relevant times herein, the State of Oregon had the power, right and duty to train, control and supervise the manner in which employees carried out the objectives of their employment, and to see that all orders, rules, training, instructions and regulations promulgated by the Children's Services Division, and the actions of its employees, consistent with State and Federal Constitutions and Federal and State Statutes and laws.

5. At all relevant times herein, Defendants were employees of the Oregon Department of Human Services. Defendants Dasch and John/John/Jane Doe 1, Defendant Dasch' supervisor, whose name shall be subsequently determined and amended herein, are caseworkers directly involved in the case and were supervised by the Oregon Department of Human Services. The acts of Defendants, which are the subject of this lawsuit, were undertaken unlawfully under color of state law in the regular course of their employment for the State of Oregon. They are sued in their individual capacity under federal claims. Upon information and belief, Defendants are residents of Lane County, Oregon.

6. At all relevant times herein, Defendants Ashley Dasch and John/Jane Doe 1 were acting in their individual capacities under color of state law.

## FACTUAL ALLEGATIONS

7.    At all material times herein, Plaintiff is the mother and custodial parent of the minor child G.W., who was age 14 at the time of the incidents described herein.

8.    On or about September 6, 2017, Defendant Dasch, acting in her official capacity as a child protective service caseworker with the Oregon Department of Human Services initiated an investigation of an allegation of abuse or neglect against Plaintiff that allegedly occurred several months earlier. On October 6, 2017, in the absence of exigent circumstances, Defendant Dasch ordered the removal of the minor child G.W. from the care of Plaintiff and G.W. was placed in temporary foster care with a relative. At no time did Defendant Dasch obtain a warrant or court order for removal. On the same day, Defendant Dasch filed a Petition for juvenile dependency with the Lane County Juvenile Court and the case was set for a jurisdictional hearing for November 27, 2017.

9.    It is a regular practice of child protective services of the Oregon Department of Human Services in Lane County to remove children from school and interview them without a warrant, court order or parental consent, and without providing a special advocate or informing children of the right to have an attorney or special advocate present.

10.    On November 14, 2017, the Department of Human Services moved to dismiss the petition for dependency jurisdiction on their own motion because the State could not or did not intend to prove the allegations in its own petition. On November 16, 2017, the Juvenile Court of Lane County dismissed the dependency petition without prejudice.

11.    Upon dismissal of jurisdiction, Defendants, acting under color of state law, thereafter refused to return G.W. to her home and directed the temporary relative placement not

to return G.W. to Plaintiff, the custodial parent, under the threat of some uncertain civil or criminal liability. On November 17, 2017, Plaintiff's counsel was informed by Defendant's counsel through the Oregon Department of Justice that if Plaintiff attempted to retrieve G.W. from her relative and take her home, then the Child Support Division would file a petition for dependency jurisdiction once again.

12. Plaintiff made several attempts to contact and pick-up G.W. from the temporary foster placement but Defendants actively thwarted Plaintiff's efforts by moving G.W. to different locations, eventually sending G.W. to California to live with her father, the non-custodial parent who had limited parenting time, and instructing G.W.'s father not to allow any contact with Plaintiff. Thereafter, Defendants instructed G.W.'s father to file a modification and indicated that the agency would assist in providing information that would assist father in obtaining custody. At no time did DHS have jurisdiction over the minor child.

13. On or after November 16, 2017, Defendants made an internal administrating dispositional finding that Plaintiff was founded for abuse and neglect. No notice was sent to Plaintiff and Plaintiff was denied any opportunity to contest the findings through the administrative process as required by Oregon law and administrative rules. Thereafter, Defendants provided the "founded disposition" of abuse and neglect, along with other allegations both false and defamatory, to the Superior Court of California, County of Butte, and registered, unbeknownst to Plaintiff, the disposition of abuse and neglect in a state-wide database for which the all of Plaintiff's potential employers in the nursing field in Oregon had and continue to have access.

14. As a direct and foreseeable result of Defendant's egregious conduct, Plaintiff was at the time of the incident, and continues to be deprived of custody and any contact with her

daughter. As a direct and foreseeable result of the furtively obtained founded disposition of abuse, Plaintiff has also been denied employment in Oregon in the nursing profession, the field in which she is trained, which has caused tremendous economic hardship.

15. The act of intentionally depriving Plaintiff of an opportunity to contest DHS jurisdiction and to contest the founded disposition by first dismissing the juvenile case and then surreptitiously withholding the minor child, and preventing a return home by threats and coercion that was plainly and unlawfully designed to remove the purview of the juvenile court and evade judicial oversight; And second, by intentionally depriving Plaintiff of notice and an opportunity to contest the founded disposition of abuse, all the while secreting the child out of state to assist an out-of-state party in obtaining an out-of-state custody order, is an egregious and flagrant violation of Plaintiff's procedural and substantive due process rights that shocks the conscience.

16. Defendants' conduct has caused irreparable harm to Plaintiff, and Plaintiff has suffered severe emotional and mental distress as a direct and foreseeable result. Defendants' conduct has deprived Plaintiff of a fundamental liberty interest in her substantive and procedural due process rights under the 14th Amendment of the Federal Constitution.

## FIRST CLAIM FOR RELIEF

**(Substantive Due Process—Interference with Familial Association, U.S. Const. Amend. XIV & 42 U.S.C. § 1983)**

*On behalf of Plaintiff Deal against Defendants Dasch and John/Jane Doe 1.*

17. Plaintiff re-alleges and reincorporates paragraphs 1 through 16 above.

18. Defendants' wrongful actions described herein violated Plaintiffs' right to be free from unlawful interference with familial association guaranteed by the Fourteenth Amendment

to the United States Constitution. Plaintiff is informed and believes and thereon alleges that the right of familial association guaranteed under the Fourteenth Amendment and the right to be free from unreasonable and unlawful seizure under the Fourth Amendment are "clearly established" such that a reasonable social worker and or officer acting under color of state law would know it is unlawful to remove a child from the care, custody and control of her parents, and those persons authorized to act *in loco parentis*, in the absence of exigent circumstances that would constitute imminent danger of serious bodily injury, and without first obtaining a warrant.

19. Defendants were acting under color of state law when they acted, agreed, and/or conspired to unlawfully remove G.W. without proper justification or authority, and without probable cause, exigency or court order, and without the permission or notification of her custodial parent. Further, Defendants' actions were taken with deliberate indifference to Plaintiff's rights.

20. Defendants maliciously conspired to violate the civil rights of Plaintiff, including violation of Plaintiff's rights found in the Fourteenth Amendments of the United States Constitution, by removing and continuing to detain G.W. from Plaintiff, without proper or just cause, authority or consent, and by retaining G.W. and conspiring to transport the minor child to California in order to assist the biological father of G.W. to apply for custody in California. Thereafter, Defendants

21. By these actions, Defendants interfered and/or attempted to interfere with Plaintiff's constitutional rights to familial association under the Fourteenth Amendment, as well as those rights violated under State law that rise to the level of a federally constitutionally protected right under the 14th Amendment.

22. It is the regular custom and practice of the Defendants in this case to remove children in the absence of notification or consent, or without a warrant, court order or evidence of exigent of circumstances, and to unilaterally withhold and direct placement of a child pending a custody petition with complete disregard of any underlying custody order or judgment.

23. Plaintiff is entitled to all remedies provided by 42 U.S.C. § 1983.

24. As a direct and proximate result of Defendants' wrongful actions, Plaintiffs have suffered emotional and mental injury, including but not limited to post traumatic stress, anxiety, and depression in an the amount not to exceed 1.5 million ($1,500,000.00) dollars, or in the alternative, in an amount to be subsequently amended or determined at trial.

25. As a further result of Defendants' wrongful actions, Plaintiff is entitled to recover reasonable costs and attorney fees incurred herein.

26. The actions of the Defendants, acting in their individual capacity were either malicious or reckless in disregard of the rights of Plaintiffs and punitive damages, in an amount to be determined by a jury or judge, should be awarded against Defendants to punish Defendants for wrongdoing and to prevent Defendants and others from acting in a similar manner in the future.

### SECOND CLAIM FOR RELIEF

**(42 U.S.C. § 1983; Violation of the 14th Amendment: Procedural Due Process)**

*On behalf of Plaintiff Deal against Defendants Dasch and John/Jane Doe 1.*

27. Plaintiff re-alleges and reincorporates paragraphs 1 through 26 above.

28. Defendants made and recorded in a state database an undisclosed administrative determination sometime in late 2017 or early 2018 that pursuant to internal review of the child enforcement division of the Department of Human Services, there was reasonable cause to make

a finding against Plaintiff for "neglect based on the alleged abuse, neglect, and mental injury of the minor child G.W., despite the absence of any finding by the juvenile court, without a formal review by the Department of Human Services Child Support Division and without presenting this finding to Plaintiff and allowing any opportunity for administrative review or appeal. Plaintiff was not provided notice, an opportunity to be heard, an opportunity to present evidence, an opportunity to cross-examine witnesses or any of the elementary rights of due process. Notice of the Child Protective Services Disposition was not sent to Plaintiff until April 2019.

29. From December 2017 through April 2019, Defendants covertly informed potential employers as well as the family court that heard the custody case of G.W. in California in 2018 that Plaintiff had been "founded" for neglect for the abuse of the minor child G.W., and further entered this conclusive finding on a state-wide database for potential employers in the nursing and health fields, education and childcare, despite that Plaintiff was never provided with the finding nor given the opportunity for an administrative appeal or other challenge to the Agency's determination as required by Oregon statute, the administrative rules of the Oregon Department of Human Services and Federal due process.

30. As a direct and proximate cause of Defendants' callous and reckless disregard of Plaintiff's procedural due process rights, Plaintiff was denied employment in the nursing field in both California and Oregon for nearly two years due to the Agency's flawed reporting of findings of neglect and abuse to potential employers. Plaintiff has suffered economic damages due to lost income in an amount not less than two hundred thousand ($200,000.00) dollars or in an amount to be subsequently amended or determined at trial.

31. Plaintiff has further suffered humiliation, mental anxiety and emotional distress, including but not limited to inability to concentrate for damages in an amount to be subsequently amended or determined at trial.

32. Defendants' actions were a direct and proximate cause of the damages suffered by Plaintiff as alleged, and showed a callous or reckless disregard for the rights of Plaintiff.

33. Plaintiff is entitled to all remedies provided by 42 U.S.C. § 1983.

### THIRD CLAIM FOR RELIEF

### (42 U.S.C. § 1983; Violation of the 14th Amendment: Procedural and Substantive Due Process: Custodial Interference with Familial Relations)

*On behalf of Plaintiff Deal against Defendants Dasch and John/Jane Doe 1.*

34. Plaintiff re-alleges and reincorporates each and every allegation contained in the preceding paragraphs of this Complaint.

35. In December 2017 and January 2018, Defendants presented false and/or intentionally misleading information created from the purported finding against Plaintiff of abuse and neglect to the Superior Court of California, County of Butte, which was hearing a modification of custody Plaintiff's child in Case No. FL029569, as well as providing similar false and misleading information to the opposing party with respect to the purported finding against Plaintiff, for the purpose of interfering with the custody proceeding and intentionally misleading the trial court into believing that the Oregon Department of Human Service's dispositional finding was undertaken and determined as the result of appropriate administrative procedures and/or a contested case hearing for which Plaintiff was given notice and had the opportunity to be heard and present evidence.

36. As a direct and proximate cause of Defendants' intentionally extreme and outrageous conduct, which showed a callous and reckless disregard of Plaintiff's procedural due process rights and substantive due process right to be free from unlawful custodial interference into the parent-child relationship, Defendants' actions were instrumental in denying Plaintiff custody and parenting time of the minor child G.W., and contributed to the parental alienation of Plaintiff with G.W. from January 2018 to the present.

37. As a direct and foreseeable result, Plaintiff has suffered damages for mental anguish and emotional distress, due to the alienation of affection and irreparable harm to the parent-child relationship for damages in an amount of not less than five hundred thousand ($500,000.00) or in an amount to be subsequently amended or determined at trial.

38. Defendants' actions were a direct and proximate cause of the damages suffered by Plaintiff as alleged, and showed a callous or reckless disregard for the rights of Plaintiff.

39. Plaintiff is entitled to all remedies provided by 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF

**(Injunctive/Proscriptive Equitable Relief; U.S. Const. Amend. XIV & 42 U.S.C. § 1983)**

*Against the Director of the Oregon Department of Human Services and Defendant Dasche*

40. Plaintiff re-alleges and reincorporates each and every allegation contained in the preceding paragraphs of this Complaint.

41. It is the regular custom and practice of the Defendants in this case to disclose DHS dispositional findings of neglect or abuse to employers, government agencies and courts without notice to the aggrieved party and in the absence of a contested case or other administrative hearing, in a procedurally defective administrative process under the due process clause of the 14th Amendment.

42. Defendants should be enjoined from further notification to government and law enforcement agencies, nursing boards and other potential employers of Plaintiff that there is founded disposition of abuse and neglect until such time as Plaintiff is provided basic procedural due process, including at minimum notice and the opportunity to respond in through a contested case administrative hearing, and a valid determination is made consistent with the requirements of procedural due process.

43. As stated herein and set forth above, Defendants have wrongfully, unlawfully, and with deliberate indifference to the rights of Plaintiff, and with utter disregard to Defendants' duties and obligations to Plaintiff, acted, practiced and/or adopted policies, practices, procedures and/or customs which are in violation of the rights of procedural due process.

44. Defendants' have failed to acknowledge their improper, unlawful and unconstitutional actions, conduct and policies at the time of the incidents at issue in the present action, and Plaintiff is informed and believes that Defendants have not changed or modified such actions, conduct and/or policies to conform to law or minimal constitutional standards.

44. Defendants' wrongful and unlawful conduct, actions and/or policies unless and until enjoined and restrained by order of this court, have caused, and will continue to cause, great and irreparable injury to Plaintiff, and other similarly situated persons, in that Defendants will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties and obligations under federal law, including those under the Fourteenth Amendment as alleged herein above.

45. Plaintiff has not an adequate remedy at law to prevent or prohibit Defendants from continuing, and/or repeating, their unlawful and unconstitutional conduct and policies other than through injunctive relief, and therefore seeks an order enjoining and prohibiting the Director

of the Oregon Department of Human Services from continuing to allow the following practices that have occurred in this case, upon which Plaintiff has based some or all of her claims and which is capable of repetition yet would otherwise evade review, and which include:

    a. The policy and practice of publishing dispositional findings of abuse or neglect without adequate procedural safeguards that protect and insure procedural due process rights, including but not limited to notice and an opportunity to contest the findings in a contested hearing in which evidence and the right to cross-examine witnesses is afforded.

    b. Acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train officers, agents, employees and state actors, in providing the Constitutional protections guaranteed to individuals, including those under the Fourteenth Amendments, when performing actions related to CPS investigations and interviewing children, and publishing dispositional findings to the public, to law enforcement agencies, educational, nursing and medical boards, and other professional disciplinary and licensing organizations.

    c. Aiding and abetting in the violation of civil rights guaranteed to individuals, including those under the Fourteenth Amendments, by engaging in the aforementioned conduct;

    d. Conspiring to violate civil rights guaranteed to individuals, including those under the Fourteenth Amendments, by engaging in the aforementioned conduct.

46. Accordingly, injunctive relief pursuant to 42 U.S.C. § 1983 and other authority is appropriate.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Relief; U.S. Const. Amend. XIV & 42 U.S.C. § 1983)

47.     Plaintiff incorporates and re-allege each and every allegation contained in the preceding paragraphs of this Complaint. An actual and substantial controversy exists that is capable of repetition and would evade review, between Plaintiffs and Defendants, and all other similarly situated, as to their legal rights and duties. Plaintiffs contend that on their face and as applied to Plaintiff and all other similarly situated, the challenged administrative practices violate the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

48.     The reasonable suspicion standard of the Oregon Department of Human Services Child Support Division for determining whether a disposition is "founded" for abuse or neglect is constitutionally inadequate when the determination touches on or impacts a fundamental liberty interest of an aggrieved party. Moreover, the current administrative standard employed by the Oregon Department of Human services is considered lower than the probable cause standard and its stated purpose is to provide a mechanism for internal administrative review to determine whether a child protective services caseworker has sufficient grounds to initiate an abuse or neglect investigation. In practice, the dispositional findings extend well beyond an internal agency review, and have a broad impact on a party's livelihood and reputation since the findings are reported to law enforcement, education, nursing, and medical boards as final determinations that are wrongly presented as, and wrongly assumed by recipients of the agency's findings to be, the result of an adjudicatory process that meets adequate constitutional standards.

49. Accordingly, Declaratory Relief pursuant to 28 U.S.C. § 2201 in order to determine whether the administrative procedure and standard of review meets procedural and substantive due process requirements is appropriate.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants Dasch and John/Jane Doe 1, as to the First through Third Claims for Relief:

1. Compensatory damages of $2,500,000.00, or in the alternative, an amount to be subsequently amended or proven at trial;
2. Special Damages according to proof;
3. Punitive Damages in an amount to be determined at the time of trial or otherwise allowed by law;
4. Reasonable costs and attorney fees incurred herein; and
5. All remedies provided by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for Injunctive and Declaratory Relief against the Director of the Department of Human Services for the State of Oregon and other Defendants as appropriate for the Fourth and Fifth Claims for Relief as follows:

6. Equitable and Declaratory Relief as pleaded herein,
7. Reasonable costs and attorney fees incurred herein.

DATED this 1st day of October 2019.

Respectfully Submitted,

*Michael Vergamini*
Michael Vergamini, OSB 045208
399 East 10th Avenue, Ste 109
Eugene, Oregon 97401
(541) 302-1800
info@vergaminilaw.com
Attorney for Plaintiffs