UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

SELINA DEAL,                                                    Case No. 6:19-cv-01596-MK

**OPINION AND
ORDER**

Plaintiff,

vs.

ASHLEY DASCH, in her individual
capacity; JOHN/JANE/JANE DOE 1,
supervisor, in his/her individual capacity and
as an official of the state of Oregon; and
FARIBORZ PAKSERESHT, Director of the
Oregon Department of Human Services in
his official capacity,

Defendants.
_____

**KASUBHAI,** United States Magistrate Judge:

Plaintiff moves to amend her Complaint to add a necessary party and to amend the

Court's scheduling order "in accordance with" her leave to amend. ECF No. 63. All parties have

consented to jurisdiction by a U.S. Magistrate Judge. ECF No. 10. For the reasons that follow,

Plaintiff's "Motion for Leave to File Amended Complaint to Add a Necessary Party (Doe)" and

"Motion to Amend Scheduling Order in Accordance with Leave to Amend" (ECF No. 63) are

DENIED.

**BACKGROUND**

On October 6, 2019, Plaintiff brought this civil rights action alleging that Defendants impermissibly interfered with her familial association rights and violated her due process rights under the Fourteenth Amendment. Compl. ¶ 1, ECF No. 1. The Complaint alleged that "Doe" was Defendant Dasch's supervisor at the Oregon Department of Human Services and asserted many of the same claims against the Doe supervisor as she did against Defendant Dasch. *Id*. at ¶¶ 5, 17-39.

When Plaintiff filed her case, the Court set a February 4, 2020 discovery deadline. ECF No. 2.  Following a February 11, 2020 conference with the parties pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court entered a scheduling order which set a July 20, 2020 discovery deadline. ECF No. 15. Following those initial deadlines, the Court entered six separate orders extending the discovery deadline. ECF Nos. 18, 21, 24, 29, 43, and 46. The Court granted the most recent extension on February 2, 2022—almost two years after the Court held its Rule 16 conference—and set an April 4, 2022 discovery deadline. ECF No. 46.

Plaintiff now seeks to amend her complaint to "insert the name of the supervisor included as a *Jane Doe* in the caption, and to add a second supervisor/party who is a necessary party in this case." Pl.'s Mot. 2, ECF No. 63. Plaintiff also seeks an order reopening discovery related to the added parties. *Id*.

**STANDARD OF REVIEW**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). The purpose of the rule "is 'to

facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)).

When a court has entered a case scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure and a party requests to amend a pleading after the expiration of the deadline set by the court, the party requesting an amendment must first show "good cause" under Rule 16(b) and then show that its proposed amendment is proper under Rule 15(a). *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

## DISCUSSION

For the reasons set forth in more detail below, Plaintiff's motion is denied because (A) it fails to comply with the local rules; (B) it fails to establish good cause as required by Rule 16(b); and (C) amendment would be futile.

### A.    Compliance with Local Rule 15-1(b)

Local Rule 15-1(b)(1) requires that a "copy of the proposed amended or amended pleading that shows – through redlining, underlining, strikeouts, or other similarly effective methods – how the amended pleading differs from the operative or superseded pleading must be attached as an exhibit to…[a] motion for leave to file the amended pleading." Failure to comply

with this rule can result in a denial of a motion to amend. *See*, *e.g.*, *Wood v. Washburn*, No. 2:20-CV-00362-SB, 2021 WL 1601087, *1 (D. Or. Apr. 23, 2021); *Lujan v. Gruenwald*, No. 2:14-CV-01640-MO, 2015 WL 1815578, *1 (D. Or. Apr. 16, 2015); *Weaver v. Norton*, No. 2:16-CV-02311-HZ, 2017 WL 6568506, *1 (D. Or. Dec. 22, 2017). Plaintiffs' motion to amend is therefore denied for failure to comply with L.R. 15-1(b)(1). Although courts sometimes allow parties leave to refile a motion to amend that is denied under this rule, *see, e.g. Wood*, 2021 WL 1601087 at *1, the Court declines to do so here because the motion is denied for the additional reasons discussed below.

**B.    "Good Cause" Under Rule 16(b)**

Because discovery closed nearly a year ago pursuant to the Court's most recent scheduling order, Plaintiff must show "good cause" under Rule 16(b) for allowing the amendment. *See Johnson*, 975 F.2d at 607-08. The Ninth Circuit has explained good cause under Rule 16(b) as follows:

> "…Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Id.* at 609 (citations omitted).

Plaintiff's motion focuses entirely on the factors for allowing amendment under Rule 15(a) and fails to show or even discuss good cause. Although Plaintiff has attempted to cure this oversight in her reply, her arguments are unavailing. Discovery was open for nearly two and a half years. Further, nearly a year has passed since discovery has closed. Plaintiff's lack of

diligence in discovering the name of the *Jane Doe* and in moving to amend without supplying a name to replace the *Jane Doe,* ends the inquiry and Plaintiff's motion is denied for failure to show good cause under Rule 16(b).

### C. Futility of Amendment

Finally, Plaintiff's motion is denied for the additional reason that such amendment would be futile. Futility of amendment "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Here, Defendants contend that Plaintiff's amendment would be futile because the statute of limitations has run on Plaintiff's claim, and any amended complaint would not "relate back" to the date of the original complaint.

The statute of limitations for Plaintiff's claims is two years. *See City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 123 n. 5 (2005) ("The statute of limitations for a § 1983 claim is generally the applicable state-law period for personal-injury torts"); *see also* Or. Rev. Stat. § 12.110(1) (imposing a two-year statute of limitations for personal injury claims). The claim accrues when Plaintiff "kn[ew] or ha[d] reason to know of the injury which is the basis of the action." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). The conduct alleged by Plaintiff here took place in "late 2017 or 2018." Compl. ¶ 28, ECF No. 1.[1] Because more than two years have passed since those dates, Plaintiff's amendment would only be timely if it can "relate back" to the original October 6, 2019 complaint.

Rule 15(c)(1) allows for relation back so long as either state law or the federal rules would allow it. *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1200 (9th Cir. 2014). Here, neither state nor federal law permits relation back, as both require that for an amended complaint to change the name of a party, the party to be named must (1) have received

---

[1] Although Plaintiff alleges continuing effects from this conduct, a "mere continuing *impact* from past violations is not actionable." *Id.* at 1013 (internal citations and quotations omitted).

notice of the action so as not to be prejudiced, and (2) know or should have known that the action would have been brought against it but for a mistake as to the proper party's identity. *See* Fed. R. Civ. P. 15(c); Or. R. Civ. P. 23 C. Plaintiff cannot satisfy these requirements because there is no evidence of notice, and there has been no "mistake" which would allow relation back. *See Boss v. City of Mesa*, 746 F. App'x 692, 695 (9th Cir. 2018) ("[r]eplacing a 'John Doe' defendant with the actual name of a defendant is not a 'mistake' that allows relation back under Rule 15(c)(1)(C)").

Accordingly, Plaintiff's proposed amendment is futile because the claims against the unnamed supervisor or supervisors are time-barred. Plaintiff's motion is therefore denied for that additional reason.

## CONCLUSION

For the reasons above, Plaintiff's "Motion for Leave to File Amended Complaint to Add a Necessary Party (Doe)" and "Motion to Amend Scheduling Order in Accordance with Leave to Amend" (ECF No. 63) is DENIED.

Defendants' request for oral argument is denied as unnecessary. The Court concludes that oral argument will not help in the resolution of the issues before the Court. *See* L.R. 7-1(d).

DATED this 30th day of March 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge